IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION |
| ANTONIO FERRELL | NO. 1:17-CR-246-TCB-CMS |

## **FINAL REPORT AND RECOMMENDATION**

The Government has charged Defendant Antonio Ferrell ("Defendant") with being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g). [Doc. 1]. Defendant has filed a motion to dismiss the indictment based on the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, arguing that it is unconstitutional for him to be prosecuted twice—once in Fulton County Superior Court and again in this Court—for the same conduct.

## I. FACTS[1]

Defendant was arrested by the Atlanta Police Department on November 2, 2016 for an incident involving an aggravated assault with a firearm, and he was indicted the next month by a grand jury in Fulton County, Georgia. The state charges included, among others, possession of a firearm by a convicted felon. In May 2017, Defendant pled guilty in the Superior Court of Fulton County to the charge of possession of a firearm by a convicted felon and was sentenced to a term of imprisonment. Two months later, on July 12, 2017, a federal grand jury returned an indictment charging Defendant with being a felon in possession of a firearm based on the same conduct to which he pled guilty in Fulton County Superior Court.

The instant motion to dismiss the indictment is based on the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. [Doc. 15]. Defendant argues that in prosecuting him federally, the Government seeks to

---

[1] The parties appear to agree about the facts that I have included in this Report and Recommendation. I note, however, that neither side presented me with copies of the state court documents that would show the circumstances of Defendant's arrest, the charges alleged in the state-court indictment, or the disposition of his case. Thus, I am operating off the facts set forth in the parties' briefs. If either side wishes to clarify the facts for the record or provide those documents, they may do so in the context of filing objections to this Report and Recommendation.

punish him a second time for conduct for which he has already been punished in state court. In his brief, Defendant recognizes that existing Supreme Court authority recognizes the "dual sovereignty doctrine" that allows the United States Government to bring this second prosecution, but Defendant nevertheless moves the Court to dismiss the indictment because in his view, the law is wrong and should be changed. [Id. at 3, 5]. He also makes an alternative argument that the indictment should be dismissed under the "sham prosecution" exception to the dual sovereignty doctrine.

## II. DISCUSSION

The Fifth Amendment's Double Jeopardy Clause provides that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. However, when criminal conduct violates the "peace and dignity" of two different sovereigns by breaking the laws of each, the defendant has committed two distinct offenses that may be punished separately; this doctrine is referred to as the "dual sovereignty doctrine." United States v. Lanza, 260 U.S. 377, 382 (1922). Thus, "[f]or decades the Supreme Court has held that elementally identical offenses are nevertheless different for purposes of the Double Jeopardy Clause when they are charged by separate sovereigns." United States v. Baptista-Rodriguez, 17 F.3d 1354, 1360 (11th Cir. 1994); Lanza, 260 U.S. at 382 ("[A]n act

denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.").

In his brief, Defendant concedes that existing (and longstanding) Supreme Court authority supports the proposition that the Double Jeopardy Clause is not violated when a federal prosecution follows a state prosecution. [Doc. 15 at 2]. And he acknowledges that the Supreme Court has ruled that the dual sovereignty doctrine allows the federal government to prosecute a defendant who has previously been convicted of the same crime in a state court. [Id. at 2-3]. Despite recognizing this binding Supreme Court precedent, Defendant makes the following argument:

> [T]he dual sovereignty doctrine should be reevaluated in light of the Supreme Court's decision in Puerto Rico v. Sanchez Valle, et al., 136 S. Ct. 1863 (2016). In Sanchez Valle, the Supreme Court held that prosecutions by both the federal government and Puerto Rico were barred by the Double Jeopardy Clause. In its opinion, written by Justice Kagan, the Court noted that the existing test for whether the dual sovereignty doctrine applies "hinges on a single criterion: the 'ultimate source' of the power undergirding the respective prosecutions." Id. at 1871. Whether two prosecuting entities are dual sovereigns depends on whether they draw their authority to prosecute and punish from distinct sources of power, and this inquiry is "historical, not functional—looking at the deepest wellsprings, not the current exercise, of prosecutorial authority." Id. Applying this inquiry in Sanchez Valle, the Court discussed that the states and Indian tribes count as separate sovereigns from the federal government, but the Court held that the "ultimate source" of Puerto Rico's prosecutorial power was the federal government and, accordingly, it did not constitute a separate sovereign. Id. at 1871-72, 1874-75. Accordingly,

4

> the Double Jeopardy Clause bars Puerto Rico and the federal government from both prosecuting a single person for the same conduct under equivalent laws. Id. at 1876-77. Additionally, Justice Ginsberg, joined by Justice Thomas, wrote a concurring opinion specifically "to flag a larger question that bears fresh examination in an appropriate case," namely, the dual sovereignty doctrine as it applies to, inter alia, dual prosecutions by the federal government and a state. Id. at 1877. Justice Ginsberg questioned whether it is inconsistent with the spirit of the Bill of Rights and "an affront to human dignity" for an individual to be punished twice for the same offense, and she asserts that the "dual sovereignty" doctrine warrants further attention. Id.

[Doc. 15 at 3-4]. Defendant also argues, in the alternative, that the "sham prosecution" exception to the dual sovereignty doctrine applies and that this Court should dismiss the federal indictment against him because the federal government allegedly controlled, dominated, or manipulated the state prosecution.

### A. *Whether the dual sovereignty doctrine should be applied*

Regardless of the Court's views on whether the dual sovereignty doctrine is "an affront to human dignity" or "warrants further attention," it is beyond dispute that the dual sovereignty doctrine is currently the law of the land, and this Court is constrained to follow it. To the extent Defendant asks this Court to ignore binding United States Supreme Court precedent, I decline to do so.[2]

---

[2] In a related argument, Defendant argues that the Supreme Court's recent holding in Sanchez Valle creates a new injustice. Now, individuals arrested in Puerto Rico under circumstances identical to Defendant's are exposed to a single

5

### B. *Whether this case amounts to a "sham prosecution"*

Defendant next argues that his indictment should be dismissed under the "sham prosecution" exception to the dual sovereignty doctrine. I note initially that the Eleventh Circuit has discussed this exception, but it has not stated definitively whether it may be applied in this circuit. See United States v. Baptista-Rodriguez, 17 F.3d 1354, 1361 (11th Cir. 1997) ("The Eleventh Circuit has not squarely confronted the validity of the sham prosecution exception. Twice before we declined to address the question because the defendants had not demonstrated sham prosecutions. Once again, we need not decide whether the exception is valid, because even if it is, the appellants cannot prevail.") (internal citations omitted). To the extent that the "sham prosecution" exception is recognized in this circuit, the defendant must show that "one sovereign controlled, dominated, or manipulated the prosecution of the defendant by the other." Id. at 1362. The logic behind the exception is that if the state prosecution was merely a sham or a tool of the United States, then "the two [entities] should be viewed as a single sovereign for purposes of double jeopardy." Id. at 1360. To set out a prima facie case of a

---

prosecution, while people arrested in states like Georgia potentially face two consecutive prosecutions for the same conduct. Defendant argues that this is "offensive to justice." [Doc. 15 at 6]. While Defendant may find the effect of the Sanchez Valle holding offensive, it is beyond dispute that the Supreme Court ultimately reaffirmed the dual sovereignty doctrine in that case.

6

"sham prosecution" and therefore be eligible for an evidentiary hearing, a defendant must allege facts to show that the state prosecutors "were mere puppets, manipulated by the United States" and that the state "undertook the prosecution in this case for reasons other its independent determination that [the defendant] had violated its laws." Id. at 1362.

Here, Defendant argues that he can meet this standard by showing that before he entered his guilty plea in state court, the federal government was using the state's evidence to make its own case against him. [Doc. 15 at 7]. The only facts provided in support of Defendant's argument are that before he pled guilty in state court and before he was indicted in federal court: (1) an Atlanta Police Department officer contacted the U.S. Attorney's Office about a possible federal prosecution, (2) the U.S. Attorney's Office accepted the case for federal prosecution, and (3) thereafter, a federal ATF agent examined the firearm at issue in this case. [Doc. 20 at 1-2]. Nothing about these facts shows that the federal government had any input into the state prosecution of Defendant, much less that the federal government manipulated, interfered with, or directed the state prosecution in any way. Accordingly, Defendant has failed to establish a prima facie case for application of the "sham prosecution" exception to the dual sovereignty doctrine, and he is not entitled to an evidentiary hearing on this issue.

### III. CONCLUSION

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss [Doc. 15] be **DENIED**. I have now addressed all referred pretrial matters and have not been advised of any impediments to the scheduling of a trial. Accordingly, this **CASE IS CERTIFIED READY FOR TRIAL**.

**IT IS SO ORDERED**, this 13th day of November 2017.

_/s/ Catherine Salinas_
CATHERINE M. SALINAS
United States Magistrate Judge