IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTONIO FERRELL,<br><br>Defendant. | CRIMINAL ACTION<br><br>NO. 1:17-cr-246-1-TCB-CMS |

# **O R D E R**

This case comes before the Court on Magistrate Judge Catherine M. Salinas's report and recommendation [21] (the "R&R"), which recommends that Defendant Antonio Ferrell's motion [15] to dismiss the indictment be denied. Ferrell filed objections [23] to the R&R but does not dispute the magistrate judge's statement of the facts.

## I.  **Legal Standard for Review of a Magistrate Judge's R&R**

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to

the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III. Discussion

Because Ferrell does not object to the magistrate judge's factual statement, and finding no clear error, the Court adopts the facts as set forth in the R&R [21].

The R&R provides more detail regarding the facts of the case, which arise from Ferrell's federal prosecution for being a felon in

possession of a firearm. Ferrell has already been convicted of the same offense in Fulton County Superior Court. He argues now that the federal indictment should be dismissed pursuant to the Double Jeopardy Clause of the Fifth Amendment, which generally prohibits successive prosecutions for the same crimes based on the same conduct. Magistrate Judge Salinas recommends denying the motion to dismiss because the "dual sovereign" exception to the Double Jeopardy Clause applies and because Ferrell failed to demonstrate that his Georgia conviction was the product of a sham prosecution by the federal government. The latter grounds, in some circuits, would be an exception to the dual sovereign doctrine.

Ferrell makes general objections to the following recommendations of the magistrate judge: (1) not to reconsider the applicability of the "dual sovereign" doctrine in light of recent Supreme Court precedent, (2) not to apply the "sham prosecution" exception to the dual sovereign doctrine, and (3) that an evidentiary hearing was not required.

Rather than specifically identify how the magistrate judge's conclusions of law were in error, Ferrell generally objects and refers to the memorandum accompanying his motion to dismiss. This alone is grounds for overruling his objections. *Nettles*, 677 F.2d at 410 n.8 ("Parties filing objections must specifically identify those findings objected to. . . . general objections need not be considered by the district court."). Even so, if the Court reviewed de novo the magistrate judge's recommendations in light of the arguments as first presented by Ferrell the outcome would be no different.

First, Ferrell's contention that the dual sovereign doctrine should not apply in light of the Supreme Court's recent decision in *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863 (2016), is frivolous. He asks the Court to ignore—or worse, overturn—binding precedent. This it cannot do.

*Sanchez Valle* does not justify his request. In that case, the Supreme Court held that because the prosecutorial power of Puerto Rico, a U.S. territory, was derived from the same "ultimate source" as that of the federal government, the defendant could not be tried by both Puerto Rico and the United States for the same conduct. *Id.* at 1867–68

5

(quoting *United States v. Wheeler*, 435 U.S. 313, 320 (1978)). This has no bearing on the instant case.

The Eleventh Circuit and Supreme Court have affirmed that successive prosecutions by state and federal authorities for the same crime are not barred by the Double Jeopardy Clause because each government brings a prosecution in its capacity as a distinct sovereign. *See Abbate v. United States*, 359 U.S. 187, 194 (1959) ("[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922))); *United States v. Morgan*, 337 F. App'x 798, 800 (11th Cir. 2009) (citing *id.* at 189–96). *Sanchez Valle* reaffirmed the dual sovereign doctrine as an exception for state-federal (or vice-versa) successive prosecutions while denying the exception for Puerto Rico-United States successive prosecutions. *Sanchez Valle*, 136 S. Ct. at 1871 ("[T]he States are separate sovereigns from the Federal Government (and from one another).").

Thus, until the Supreme Court reconsiders the dual sovereign doctrine when a state, rather than a federal territory, initiates the first prosecution and the federal government brings a second prosecution for the same act and offense, this Court is bound by the existing law that permits these duplicate prosecutions. Therefore, the magistrate judge was correct in concluding that the dual sovereign doctrine permits Ferrell's federal prosecution.

Second, the magistrate judge is also correct that the sham prosecution exception to the dual sovereign doctrine does not apply. Ferrell has not specifically pointed to any issues with the magistrate judge's reasoning in the R&R and the Court can find no point of error therein. Under the sham prosecution exception, two sovereigns (e.g., state and federal) are treated as one when there is evidence of collusion between them with respect to the first prosecution. For example, if Ferrell could show that the federal government "so dominated, controlled, or manipulated" Georgia's prosecution of Ferrell, it could be considered a "sham," thereby barring a second prosecution. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1361 (11th Cir. 1994).

7

Even if the sham prosecution exception was an accepted legal theory in the Eleventh Circuit,[1] Ferrell could not prevail on his claim. He only shows the Court that the federal government was made aware of his illegal conduct by Georgia prosecutors, the U.S. Attorney accepted the case for prosecution, and a federal agent reviewed the gun Ferrell used to commit the crime. None of these facts constitutes evidence of collusion or that Georgia was the United States' puppet when it brought the first prosecution. This level of "cross-pollination," [15] at 8, is to be expected when there is an overlap of conduct and evidence underlying two otherwise valid prosecutions.

Finally, Ferrell fails to demonstrate that the magistrate judge erred by denying his request for an evidentiary hearing. He cites no legal authority in either his request for an evidentiary hearing or his objections to the magistrate judge's denial of the request. Nor does he allege other relevant facts that would be elucidated by a hearing. *Cf.*

---

[1] The Eleventh Circuit declined to decide "whether the [sham prosecution] exception was valid" in *Baptista-Rodriguez*, 17 F.3d at 1361. Mindful of this, the Court refers to the analysis utilized by the Eleventh Circuit while holding that, even if the sham prosecution exception was valid, Ferrell could not prevail under it for lack of evidence.

*United States v. Holloway*, 778 F.2d 653, 658 (11th Cir. 1985) ("[T]he prevalent rule as to the showing required to entitle a defendant to a hearing on a charge of prosecutorial misconduct is that if defendants 'raise a material fact which, if resolved in accordance with the defendants' contentions, would entitle them to relief, they would be entitled to a hearing.'" (quoting Brief for United States at 85–86)).

Accordingly, the Court adopts as its order the magistrate judge's R&R [21]. Ferrell's objections [23] are overruled and his motion [15] to dismiss the indictment is denied.

IT IS SO ORDERED this 6th day of December, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge